#### AT THE

## NOVEMBER SESSION 1864, IN BOSTON.

━━━━━

#### PRESENT:

Hon. GEORGE T. BIGELOW, Chief Justice.
Hon. CHARLES A. DEWEY, ⎤
Hon. THERON METCALF, ⎥
Hon. EBENEZER R. HOAR, ⎬ Justices.
Hon. REUBEN A. CHAPMAN, ⎥
Hon. HORACE GRAY, Jr., ⎦

---

## CRIMINAL CASES.

### Commonwealth *vs.* Cyrus D. Curtis.

A city ordinance, providing that no person shall permit any swine under his care to go upon any sidewalk in the city, or otherwise occupy, obstruct, injure or incumber any such sidewalk, so as to interfere with the convenient use of the same by all passengers, is within an authority conferred by the charter to make all such salutary and needful by-laws as towns by the laws of the Commonwealth have power to make.

:f a city ordinance provides that no person shall permit any swine under his care to go upon any sidewalk in the city, or otherwise occupy, obstruct, injure or incumber any such sidewalk, so as to interfere with the convenient use of the same by all passengers, a complaint for a violation of the ordinance, which alleges that the defendant, on a day named, "unlawfully did permit a large number of swine, to wit, thirty swine, under the care of him the said defendant, to go upon and injure the sidewalks on certain public streets in the city of C., to wit, the sidewalks in Harvard Square and North Avenue,' contains a sufficient averment that the sidewalks named are part of a highway; and is not bad for duplicity on the ground that it charges more than one offence; or that the

offence is alleged to have been committed on more than one street, if it appears that
Harvard Square and North Avenue were one continuous street.

In support of such a complaint, evidence may be introduced of different acts of different
swine, in going upon and injuring different parts of the sidewalks.

It is the duty of a person who voluntarily drives swine through the streets of a city in
which such an ordinance has been passed, to prevent them at all hazards from doing the
acts therein mentioned; and if he fails to do so, he may be convicted of a violation of
the ordinance.

COMPLAINT alleging that the defendant, on a day named, at
Cambridge, " unlawfully did permit a large number of swine, to
wit, thirty swine, then and there under the care of him, the said
Cyrus D. Curtis, to go upon and injure the sidewalks on certain
public streets in the city of Cambridge, to wit, the sidewalks in
Harvard Square and North Avenue, by rooting and destroying
the same so as to interfere with the convenient use of the same
by all passengers," &c. This complaint was made under the
following ordinance of the city of Cambridge :

" No person shall . . . . . . permit any horse, cattle, swine or
sheep under his care to go upon any sidewalk in the city, or oth-
erwise occupy, obstruct, injure or incumber any such sidewalk,
so as to interfere with the convenient use of the same by all
passengers."

At the trial in the superior court, before *Brigham*, J., it ap-
peared that Harvard Square and North Avenue form a continu-
ous thoroughfare, and the government offered evidence tending
to show that the defendant, on the day named, was driving a
drove of hogs through said thoroughfare, when they, by different
acts and upon different parts of the sidewalk, both upon Harvard
Square and North Avenue, did the acts relied upon in support
of the complaint. The defendant objected that the ordinance
was unreasonable and void, and that the complaint was bad for
duplicity ; but these objections were overruled. He also offered
to prove that he had a sufficient or reasonably sufficient number
of men to keep the hogs from the sidewalks, that he gave orders
so to keep them, and that he and his men did what they could
to keep them from the sidewalks ; but that it was impossible to
drive swine through the streets so as to prevent them from going
upon the sidewalks in some instances, and so injuring them and

interfering with their convenient use for passengers at least to some extent, and that to require them to be so driven would amount to a prohibition of the business of driving hogs through the streets. But the judge instructed the jury that the defendant, in driving his hogs in the public streets, was bound to keep them from the sidewalks, and if he voluntarily drove them into the public streets, and they went upon and injured the sidewalks, and thus rendered them inconvenient for public use as sidewalks, he would be liable under this complaint; that if the jury should find that, on the day alleged, the defendant drove hogs over North Avenue, and the same extends into Harvard Square, and the hogs while there driven went upon the sidewalks of North Avenue and Harvard Square, and by so doing injured said sidewalks by rooting the same or by their dung on said sidewalks, and thus rendered the same inconvenient to persons going over and upon the same, he might be found guilty, although the hogs were not driven intentionally upon the sidewalks, and he intended to prevent them from going upon the same, and made effort to do so; that the requirement of the ordinance was absolute, and he was bound to prevent the acts complained of at all hazards, if he voluntarily drove swine through the streets.

The jury returned a verdict of guilty, and the defendant alleged exceptions.

*A. A. Ranney*, for the defendant.

*Foster*, A. G., for the Commonwealth.

METCALF, J. . The defendant has taken three grounds in defence of his exceptions: He denies the validity of the by-law on which the complaint against him is founded; the sufficiency of the complaint; and the legality of the proceedings at the trial.

1. The court find nothing unwarranted in the by-law. By the city charter of Cambridge, (*St.* 1846, *c.* 109, § 16,) the city council are authorized " to make all such salutary and needful by-laws, as towns, by the laws of the Commonwealth, have power to make, and to annex penalties, not exceeding twenty dollars for a breach thereof." And the defendant does not deny the authority of towns to make by-laws to regulate the passing o.

cattle and other animals upon its streets and ways. See 14 Gray, 53. But he objects that the by-law in question is unreasonable, and therefore void, if it is to be so construed as to support the verdict which has been returned against him. This objection will be considered hereafter.

2. It has been argued for the defendant that the complaint is insufficient to sustain a judgment. One suggested defect is, that it does not allege that the sidewalks therein mentioned are part of a highway. But we are of opinion that this is alleged with sufficient clearness and certainty. They are termed " sidewalks on certain public streets in the city of Cambridge, to wit, sidewalks in Harvard Square and North Avenue." And this description of them is a sufficient answer to another objection made to the complaint, namely, that it does not state what part of the streets the defendant permitted swine to pass over.

It has also been argued that the complaint is bad for duplicity At the trial, the only duplicity suggested by the defendant was, that it was alleged in the complaint that he permitted swine to go upon the sidewalks of more than one public street, to wit, upon those in Harvard Square and North Avenue. But as this square and avenue were one continuous street, there was no duplicity in describing that street by the names of its different parts. It is now contended that there is duplicity in the allegation that the defendant permitted swine " to go upon *and injure* the sidewalks ; " that two distinct offences are thereby charged, because the by-law forbids any person to permit swine, &c. under his care, " to go upon any sidewalk in the city, or otherwise occupy, obstruct, injure or incumber any such sidewalk." But we are of opinion that the complaint charges only one offence. The case is within the rule stated by Gaston, J., in 2 Dev. & Bat. 103, thus : " If an offence be cumulative with respect to the acts done, although any one of the acts be sufficient to constitute the crime, the cumulative offence may be charged." This rule has been applied in various instances. A case hardly distinguishable from this at bar is that of *Regina* v. *Bowers*, 1 Denison, 22, and 1 Car. & Kirw. 501, where under a statute prescribing a punishment for any person who should " wilfully destroy,

deface or injure " a register of baptisms, &c., it was decided that a single offence only was charged in an indictment which alleged that the defendant wilfully destroyed, defaced and injured such a register. So, under our Rev. Sts. *c.* 126, § 20, (reënacted by Gen. Sts. *c.* 161, § 43,) which prescribed a punishment for every person who should " buy, receive or aid in the concealment of any stolen money, goods or property knowing the same to have been stolen," it was held that an indictment which alleged that the defendant did buy, receive and aid in the concealment of certain enumerated goods, knowing them to be stolen, charged only one offence. *Stevens* v. *Commonwealth,* 6 Met. 242. And where a statute provided a punishment for forging, causing to be forged or assisting in the forgery of instruments, an indictment charging a party with forging and causing to be forged, and assisting in the forgery of an instrument, charges only a single offence. *Rex* v. *Fauntleroy,* 1 Mood. C. C. 52. *State* v. *Morton,* 27 Verm. 310, 314. 3 Chit. Crim. Law, 1048. There are numerous similar decisions. See 2 Gabbett Crim. Law, 234; *Commonwealth* v. *Hope,* 22 Pick. 1; *Commonwealth* v. *Eaton,* 15 Pick. 273; *Hinkle* v. *Commonwealth,* 4 Dana, 518.

3. The exception to the admission of evidence of different and distinct acts of the swine has been disposed of by the preceding remarks. And a mere inspection of the by-law shows its purpose to be such as to preclude all pretence for the objection that evidence ought to have been confined to proof of a single entry, by the swine, upon a sidewalk on the street over which they passed through the city. And as evidence that it was impossible to drive swine through Harvard Square and North Avenue so as to prevent them from going upon the sidewalks and injuring them, and that the defendant did all that could be done to keep them therefrom, would not, for reasons presently to be given, have been of any legal avail to the defendant, his offer of such evidence was rightly rejected.

The other objection to the proceedings at the trial respects the ruling made and the instruction given as to the meaning and effect of the by-law; namely, that if the defendant voluntarily drove the swine, as alleged in the complaint, he was bound to

prevent them, at all hazards, from doing the acts therein com plained of, and if he did not prevent them, he was liable under the complaint. It is insisted that this is an unwarranted construction of the words "permit any swine to go upon any sidewalk;" that if such is their construction, the by-law is unreasonable, and therefore void. And doubtless the court have authority to declare a by-law void for unreasonableness, and refuse to enforce it. But we are of opinion that the by-law was rightly construed at the trial. One of the definitions of the word "permit" is, "to allow by not prohibiting." The construction, which the defendant urges the court to adopt, requires us to understand the by-law as if the word "carelessly," or the words "without using all preventive care," preceded the word "permit."

It has been said, in argument, that the by-law, as construed at the trial, must operate as a total prohibition of the driving of swine over the streets in the city of Cambridge in which there are sidewalks. But we should not deem a by-law unreasonable, which should, in terms, wholly prohibit the driving of a herd of swine through the streets of a compact city.

*Exceptions overruled.*